Nicole G. True, Bar No. 12879
Nicole.True@wbd-us.com
WOMBLE BOND DICKINSON (US) LLP
201 East Washington Street, Suite 1200
Phoenix, AZ 85004
Tel: 602.262.5311
Fax: 602.262.5747

Local Office:
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169
Tel: (702) 949-8200

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| The Independent Order of Foresters,<br><br>Plaintiff,<br><br>v.<br><br>Vincent Carlson, Timothy Johnson and Alectra Avilla,<br><br>Defendants. | Case No. 2:25-cv-00842<br><br>**PLAINTIFF'S UNOPPOSED MOTION TO EXTEND TIME TO SERVE DEFENDANT TIMOTHY JOHNSON** |

Pursuant to Fed. R. Civ. P. 4(m), Plaintiff The Independent Order of Foresters ("Plaintiff" or "Foresters"), respectfully moves for an extension of time to serve Defendant Timothy Johnson ("Johnson"). Counsel for Defendants Vincent Carlson and Alectra Avilla has confirmed it will not oppose this motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Plaintiff requests an additional 90 days to effect service on Defendant Timothy Johnson. There is good cause for the requested extension. Johnson is incarcerated at Lyons County Jail in Yerrington, Nevada, and has been throughout the entirety of the service period. Because of the

4930-1220-0286.1

1  logistical difficulties and expense of serving an incarcerated person through a process server,
2  Plaintiff first sought a waiver of service from Johnson via regular mail. It is unclear; however,
3  whether he received that first request as there was no return receipt requested.

4        Plaintiff reattempted mailing the waiver of service to Johnson last week via certified mail.
5  The jail has confirmed receipt of that service package. Due to the nature of the claims, Plaintiff's
6  counsel anticipates that Johnson will agree to waive service and voluntarily appear. Plaintiff
7  intends to allow Johnson 30 days to return the waiver of service. If he does not return it, Plaintiff
8  will move forward with in person service of process of Johnson in the jail.

9        Plaintiff accordingly moves to extend the time to effect service of process on Johnson
10 under Fed. R. Civ. P. 4(m) by a period of 90 days.

11 **II.     RELEVANT FACTUAL AND PROCEDURAL HISTORY**

12       On May 15, 2025, Foresters filed its Complaint in Interpleader against Defendants
13 Vincent Carlson ("Carlson"), Alectra Avilla ("Avilla"), and Johnson (ECF No. 1).

14       Summons were issued for the Defendants on May 15, 2025. (ECF Nos. 2 - 4).

15       On May 21, 2025, Plaintiff's counsel sent Defendants the Complaint, their respective
16 summons, and a letter requesting waiver of service; counsel sent these documents to Carlson and
17 Avilla via email and via regular mail to Johnson.

18       Carlson and Avilla waived service of the summons, which Foresters subsequently filed on
19 June 2, 2025. (ECF Nos. 7 - 8).

20       On July 28, 2025, Carlson and Avilla filed their Answers, by and through counsel, to
21 Foresters' Complaint in Interpleader.  (ECF No. 11).

22       As of the filing of this Motion, Plaintiff has not received a response from Johnson, and it
23 is unclear whether he received the service packet as no return receipt was requested.

24       On August 12, 2025, Plaintiff resent Johnson the Complaint, Summons, and request to
25 waive service via certified mail and marked the envelope "LEGAL MAIL" to ensure it was
26 properly routed to Johnson. Plaintiff received confirmation on Monday, August 11, 2025 that the
27 jail received the service package.

28       Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the time for Plaintiff to

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169

WOMBLE BOND DICKINSON

effectuate service of process on Johnson expires on August 13, 2025. Plaintiff requests an additional 90 days to either file a waiver of service or otherwise effect service of process on Johnson who is incarcerated.

### III.    LEGAL ARGUMENT

Under Rule 4(m) of the Federal Rules of Civil Procedure, "if the plaintiff shows good cause for the failure [to serve], the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Good cause to avoid dismissal may be demonstrated by establishing, at minimum, excusable neglect. *See Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991). Put simply, plaintiffs who make "reasonable-efforts-to-effect service" should be permitted additional time, if necessary. *See Arroyo v. Wheat*, 102 F.R.D. 516, 518 (D. Nev. 1984). Nevertheless, District courts may exercise discretion to extend the service deadline "even in the absence of good cause." *Efaw v. Williams,* 473 F.3d 1038, 1040 (9th Cir. 2007).

Plaintiff's failure to effectuate service on Johnson has been complicated by the fact that he is incarcerated and must be served in compliance with the processes and restrictions of the jail where he is incarcerated. These are precisely the types of external constraints that justify a finding of good cause to allow additional time for service. *See,e.g. Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990) (reversing dismissal for lack of service due to incarcerated individual's inability to serve defendant); *see also Penton v. Pool*, 724 Fed. App'x 546, 550 (9th Cir. 2018) (reversing dismissal for lack of service because incarcerated plaintiff was erroneously given burden to locate a viable home address for a former prison officer who had left government employment).

Given the nature of the claims, Plaintiff anticipated Johnson would waive service of process. Unfortunately, the initial waiver of service package was sent to Johnson without requiring a return receipt, so it is unclear whether Johnson ever received it. Plaintiff has since remedied this issue by resending the waiver of service package to the facility via certified mail. Plaintiff has already received confirmation that the jail received the waiver of service packet. If Johnson does not return the waiver of service within 30 days, Plaintiff will proceed with in person service of process.

As there is good cause to extend time for service, Plaintiff respectfully requests the Court allow it an additional 90 days to effect service on Johnson.

### IV. CONCLUSION

Based on the foregoing, this Court should grant Plaintiff's Motion and enter an order allowing Plaintiff an additional 90 days' time to serve Johnson.

RESPECTFULLY SUBMITTED this 13th day of August, 2025.

    WOMBLE BOND DICKINSON (US) LLP

By: */s/Nicole G. True*
    Nicole G. True, Bar No. 12879
    Nicole.True@wbd-us.com
    201 East Washington Street, Suite 1200
    Phoenix, AZ 85004
    Tel.: 602.262.5311
    Fax: 602.262.5747
*Attorneys for Plaintiff*

IT IS SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE

Dated: August 13, 2025



WOMBLE BOND DICKINSON
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169

4930-1220-0286.1

- 4 -